IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| KONA ICE, INC.,<br><br>   Plaintiff,<br><br>v.<br><br>DEREK HODGSON and KELLY HODGSON,<br>   Defendants. | Civil Action No. 4:17-cv-00667<br><br>PATENT CASE<br><br>JURY TRIAL DEMANDED |

## ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

Defendants Derek and Kelly Hodgson answer the Complaint of Kona Ice, Inc. ("Kona Ice") as follows.  To the extent any response is required to the unnumbered preamble of Plaintiff's Complaint for Patent Infringement (Dkt. 1):  Denied.

### NATURE OF ACTION

1. Denied, except that plaintiff has alleged an action arising under certain provisions of Title 35 of the United States Code.

### THE PARTIES

2. Denied, because Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments.

3. Denied, except that Derek and Kelly Hodgson reside at 1113 Damsel Caroline, Lewisville, Texas 75056.

### JURISDICTION AND VENUE

4. Admitted.

5. Denied, except that venue in a patent infringement action is governed by 28 U.S.C. §1400(b), and that Defendants reside in Lewisville, Texas.

## BACKGROUND FACTS

6. Denied, because Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments.

7. Denied, because Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments.

8. Denied, because Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments.

9. Denied.

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 9,751,447

10. Defendants reaver and incorporate by reference its unnumbered preamble and ¶¶ 1-9.

11. Denied.

12. Denied, except that the '447 patent speaks for itself.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied

### RESPONSE TO PRAYER FOR RELIEF

22. To the extent any response is required to any paragraph of plaintiff's prayer for relief, including without limitation its unnumbered paragraph and the paragraphs it has labeled A-F: Denied.

### RESPONSE TO JURY DEMAND

23. Defendants demand a trial by jury on all issues so triable.

### DEFENSES

24. To the extent Defendants have not already addressed elsewhere any averments of Plaintiff's Complaint for Patent Infringement (Dkt. 1): Denied.

25. Pursuant to Federal Rule of Civil Procedure 8(b) and (c), without assuming any burden that it would not otherwise bear, without reducing or removing plaintiff's burdens of proof on its affirmative claims against Defendants, reserving the right to assert additional defenses, and affirmatively solely to the extent deemed necessary by the Court to maintain any or all of the following defenses, Defendants assert the following defenses to plaintiff's Complaint (Dkt. 1):

### FIRST DEFENSE

26. Defendants do not and have not infringed any valid and enforceable claim of U.S. Patent Nos. 9,751,447; (the "patent(s)-in-suit") literally, under the

doctrine of equivalents, directly, indirectly, contributorily, by way of inducement, and/or via any other mechanism of liability.

## SECOND DEFENSE

27. Each of the claims of the patents-in-suit is invalid and/or unenforceable for failure to comply with one or more of the conditions of patentability set forth in Title 35 of the United States Code, including without limitation, for example, Sections 101, 102, 103, and 112.

## THIRD DEFENSE

28. Plaintiff's claims for patent infringement are precluded in whole or in part (i) to the extent that any allegedly infringing instrumentalities components thereof are supplied, directly or indirectly, to Defendants by any entity or entities having express or implied licenses to the patents-in-suit and/or (ii) under the doctrine of patent exhaustion.

## FOURTH DEFENSE

29. Plaintiff is barred in whole or in part under principles of equity, including without limitation, laches, prosecution laches, waiver, estoppel, and/or unclean hands.

## FIFTH DEFENSE

30. Any claim by Plaintiff for damages is limited under 35 U.S.C. §§ 286 or 287. Plaintiff is barred under 35 U.S.C. § 287 from recovering damages prior to the date of the filing of the Complaint. Plaintiff is barred by 35 U.S.C. § 288 from recovering costs associated with its action.

## SIXTH DEFENSE

31. Plaintiff has failed to provide adequate evidence of ownership of the patents-in-suit.

## SEVENTH DEFENSE

32. Plaintiff lacks standing to bring suit for alleged infringement of the patents-in-suit.

## EIGHTH DEFENSE

33. Plaintiff is not entitled to injunctive relief under any theory, at least because: (1) plaintiff has not suffered nor will it suffer irreparable harm because of Defendants' conduct; (2) any harm to plaintiff would be outweighed by the harm to Defendants if an injunction were entered; (3) plaintiff has an adequate remedy at law even if it were to prevail in this action; and (4) the public interest would not be served by an injunction in favor of plaintiff.

## NINTH DEFENSE

34. Plaintiff has failed to state a claim upon which relief can be granted.

## TENTH DEFENSE

35. This is an exceptional case under 35 U.S.C. 285, entitling Defendants to an award of their costs, expenses, and reasonable attorney fees in this action.

## COUNTERCLAIMS

Counterclaim Plaintiffs Derek Hodgson and Kelly Hodgson (the "Hodgsons"), for its counterclaims against counterclaim defendant Kona Ice, Inc., states as follows:

## NATURE OF ACTION

1. This is a Declaratory Judgment action for a declaration of non-infringement and invalidity of the U.S. Patent asserted against Hodgsons by counterclaim defendant in its Complaint for Patent Infringement (Dkt. 1) (its "complaint"); U.S. Patent No. 9,751,447.

## PARTIES

2. Derek Hodgson and Kelly Hodgson are natural persons residing in Lewisville, Texas.

3. On information and belief, as averred in its complaint, counterclaim defendant is a Kentucky corporation having its principal place of business at 5945 Centennial Circle, Florence, Kentucky 41042.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over the counterclaims under 28 U.S.C. §§ 2201 and 2202 as a declaratory judgment action; and, as averred in the complaint under 28 U.S.C. §§ 1331 and 1338 as an action arising under the Patent Laws, Title 35 of the United States Code.

5. By filing its complaint in this District, counterclaim defendant has affirmatively sought and consented to the personal jurisdiction of this Court for purposes of Counterclaim Plaintiff's counterclaims, and the Court does have personal jurisdiction over the counterclaim defendant.

6. If and to the extent venue is (or would have been) proper over any of the claims in the complaint, venue over all counterclaims must be proper in this District under 28 U.S.C. §§ 1391 and 1400. Furthermore, by maintaining its complaint, counterclaim defendant has waived any objection it might have or make to venue over Counterclaim Plaintiff's counterclaims.

<u>COUNTERCLAIM I</u>

<u>(DECLARATION OF NON-INFRINGEMENT—US 9,751,447)</u>

7. Counterclaim Plaintiffs reaver and incorporate by reference its unnumbered preamble and paragraphs 1 through 6 of the above Counterclaims as though fully set forth herein.

8. Counterclaim defendant avers in its complaint that it is "the owner by assignment of the '447 patent."

9. Counterclaim defendant avers in its complaint that "Defendants have infringed and continue to infringe the '447 patent." Thus, an actual, substantial controversy exists between Counterclaim Plaintiff and counterclaim defendant concerning Counterclaim Plaintiff's non-infringement of the '447 patent.

10. Counterclaim Plaintiffs do not infringe, and has not infringed, any valid and enforceable claim of the '447 patent literally, under the doctrine of equivalents, directly, indirectly, contributorily, by way of inducement, and/or via any other mechanism of liability under the Patent Act.

11. Pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201 et seq., Counterclaim Plaintiffs are entitled to a declaration that the claims of the '447 patent are not, and have not been, infringed by Counterclaim Plaintiff or any affiliate thereof.

12. The requested declaratory relief would serve the useful purpose of clarifying the legal issues and resolving the claims of infringement made by counterclaim defendant in its complaint.

## COUNTERCLAIM II

## (DECLARATION OF INVALIDITY— US 9,751,447)

13. Counterclaim Plaintiffs reaver and incorporate by reference its unnumbered preamble and paragraphs 1 through 12 of these Counterclaims as though fully set forth herein.

14. One or more claims of the '447 patent are invalid or void for failing to satisfy one or more of the conditions of patentability set forth in Part II of Title 35 of the United States Code, including without limitation, for example, sections 101, 102, 103, and/or 112.

15. Pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201 et seq., ZTE is entitled to a declaration that the claims of the '447 patent are invalid.

16. The requested declaratory relief would serve the useful purpose of clarifying the legal issues and resolving the claims of infringement made by counterclaim defendant in its complaint.

## COUNTERCLAIM III

## (DECLARATION OF LICENSED USE)

17. Counterclaim Plaintiffs reaver and incorporate by reference its unnumbered preamble and paragraphs 1 through 12 of these Counterclaims as though fully set forth herein.

18. An agreement (the "Settlement Agreement and Release") exists between counterclaim defendant Kona Ice, Inc. and third-party Tikiz development group.

19. On information and belief, the Settlement Agreement and Release was drafted by Counterclaim Defendant Kona Ice, Inc.'s counsel Brett A. Schatz.

20. The Settlement Agreement and Release was signed by Tony Lamb, President and CEO of Kona Ice, Inc.

21. Both Kona Ice, Inc. and Mr. Schatz are in possession of an executed copy of this agreement.

22. Counterclaim Plaintiffs are third-party beneficiaries of the Settlement Agreement and Release.

23. The Settlement Agreement and Release comprises, *inter alia*, on the part of Kona Ice, a license, release, discharge, and/or covenant not to sue. the Counterclaim Plaintiffs over the claims of the '447 patent.

24. The requested declaratory relief would serve the useful purpose of clarifying the legal issues and resolving the claims of infringement made by counterclaim defendant in its complaint.

## COUNTERCLAIM III

## (DAMAGES AND COSTS FOR BREACH OF CONTRACT)

25. Counterclaim Plaintiffs reaver and incorporate by reference its unnumbered preamble and paragraphs 1-12 and 17-23 of these Counterclaims as though fully set forth herein.

26. Counterclaim defendant Kona Ice, Inc. has breached the Settlement Agreement and Release by filing its complaint against Counterclaim Plaintiffs.

27. The Settlement Agreement and Release comprises a liquidated damages clause.

28. Under the liquidated damages clause of the settlement agreement, counterclaim defendant Kona Ice, Inc. shall pay to Counterclaim Plaintiff $5,000 in liquidated damages, plus Counterclaim Plaintiff's costs and fees incurred for enforcing the terms of the Settlement Agreement and release, plus any damages resulting from the breach.

## DEMAND FOR JURY TRIAL

29. Counterclaim Plaintiffs demand a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

FOR THESE REASONS, Counterclaim Plaintiffs respectfully request that this Court enter judgment in their favor and grant the following relief:

A. That the Court enter an order declaring that counterclaim defendant take nothing by its complaint in this action;

B. That the Court enter judgment against counterclaim defendant and in favor of Counterclaim Plaintiffs, and that the complaint be dismissed with prejudice;

C. That the Court enter a declaratory judgment that Counterclaim Plaintiffs do not infringe any claim of the '447 patent;

D. That the Court enter a declaratory judgment that the claims of the '447 patent are invalid; and

E. That the Court enter a declaratory judgment that the Counterclaim Plaintiffs are licensed to practice the claims of the '447 patent,

F. That the Court find a breach of contract on the part of Kona Ice, Inc., and award a monetary judgment to Counterclaim Plaintiffs pursuant to that contract, in an amount not less than $5,000 plus costs, fees (including but not limited to attorney's fees), and damages resulting from the breach,

G. That the Court enter an order awarding Counterclaim Plaintiffs costs, expenses and reasonable attorney fees in this action because this is an exceptional case under 35 U.S.C. 285 as a result of, *inter alia*, the above-pleaded denials, defenses, and/or counterclaims.

January 2, 2017	Respectfully Submitted,

*/s/Erik Dykema*
Erik Dykema
New York Bar No. 4882460
erikdykema@upshawpllc.com
Craig L. Uhrich
State Bar of Texas No. 24033284
craiguhrich@upshawpllc.com

UPSHAW PLLC
1204 Gano Street
Dallas, TX 75215
P: (972) 920-8000
F: (972) 920-8001

**COUNSEL FOR DEFENDANTS DEREK AND KELLY HODGSON**

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing all counsel of record who have appeared in this case.

*/s/ Erik Dykema*